1
2
3            UNITED STATES DISTRICT COURT
4           NORTHERN DISTRICT OF CALIFORNIA
5
6  STEVEN WAYNE BONILLA,              Case Nos.  22-cv-4902-PJH
7           Plaintiff,                           22-cv-4903-PJH
                                                 22-cv-4904-PJH
8        v.                                      22-cv-4906-PJH
9                                                22-cv-4969-PJH
   COUNTY OF ALAMEDA et. al.,                    22-cv-4970-PJH
10          Defendants.                          22-cv-5073-PJH
11                                               22-cv-5121-PJH
12                                               22-cv-5135-PJH
13
14                                     **ORDER DISMISSING MULTIPLE
                                       CASES WITH PREJUDICE**
15

16        Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42

17  U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas

18  petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471

19  YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In*

20  *re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

21        Plaintiff presents nearly identical claims in these actions.  He names as

22  defendants several counties and state and federal officials.  He seeks relief regarding his

23  underlying conviction or how his other cases were handled by the state and federal

24  courts.

25        To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

26  he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is

27  "under imminent danger of serious physical injury" at the time he filed his complaint.  28

28

*United States District Court*
*Northern District of California*

U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case No. 13-0951 CW.

The allegations in these complaints do not show that plaintiff was in imminent danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with prejudice.

The clerk shall terminate all pending motions and close these cases.  The clerk shall return, without filing, any further documents plaintiff submits in these closed cases.

**IT IS SO ORDERED.**

Dated: September 12, 2022

  */s/ Phyllis J. Hamilton*

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California